## GEORGIA POWER & LIGHT CO. *v.* CITY OF WAYCROSS.

No. 10526. SEPTEMBER 16, 1935. REHEARING DENIED OCTOBER 3, 1935.

*Wilson, Bennett & Pedrick* and *Cook & Harris,* for plaintiff in error.

*Blalock & Blalock,* contra.

RUSSELL, Chief Justice. In 1909 the council of the City of Waycross passed an ordinance granting to the Waycross Gas and Construction Company, its successors and assigns, a franchise for a term of fifty years, for "constructing, maintaining, and operating, in said City of Waycross, an electrical plant to manufacture, generate, produce, conduct, and transmit electricity and electrical current for the purpose of light, heat, and power . . in the City of Waycross, and in the territory and towns adjacent thereto, installing and using such apparatus, wires, poles, appliances, and appurtenances as may be required or connected with said plant, and as may be necessary and expedient for accomplishing the purposes . . of supplying, furnishing, selling, or leasing such electricity and electric current for a consideration to the said City of Waycross and its inhabitants and to the people adjacent thereto." The caption of this ordinance is: "An ordinance granting franchises and privileges to the Waycross Gas & Construction Company for an electric plant for furnishing light, power, etc., upon the terms, conditions, and covenants herein set out; and for other purposes." Section 3 provides that "said grantee is hereby authorized, under the direction of the Streets and Lanes Committee, to erect and place poles, wires, fixtures, or appliances of any kind on, over, or under the highways, streets, alleys, avenues, and public grounds of the said City of Waycross, and any additions or extensions thereof, and to change the same from time to time, for the purpose of transmitting electricity and electric current from said plant and supplying same to said city and its inhabitants, or the town or territory adjoining for any of the above purposes." Section 3 provides that "said grantee may be required to extend its said wires and appliances and electrical system from time to time to meet increasing demands of the city and its citizens, and to place lights where necessary in the discretion of the city council, same to be under the direction of the said Streets and Lanes Committee, as aforesaid." Other sections of the ordinance prescribe the character of illumination to be furnished for the streets of the city, the rates to be charged for current therefor, as well as the charge to be made for supplying electricity for the waterworks plant of the

city. Section 10 is as follows: "Be it further ordained, that said grantee shall, after the first year of the operation of this plant, pay to the City of Waycross 1% of the gross revenues derived from public and private lighting for a period of five (5) years thereafter; for the next period of five (5) years it shall pay 2% of its gross revenues from the same source; and thereafter it shall pay 3% of its gross revenues derived from the same source; the same to be in lieu of and to take the place of any income or any license or occupation tax which said city may be entitled to impose. After the first year, grantee shall keep proper books of account showing gross receipts from the sources aforesaid, and shall render a verified statement of such receipts quarterly to the city treasurer, covering the receipts for the preceding quarter, and shall, at the time of filing such statements, make payment of a percentage of gross revenue then due; and shall from time to time, as requested, submit to the examination of the city treasurer or other city authorities such books of account, showing all revenues and receipts derived by it from the sources aforesaid."

The Waycross Gas and Construction Company accepted the franchise, constructed an electric generating and distributing system, and operated it for some time, being succeeded by the Ware County Light and Power Company. The corporation last named extended its line from Waycross to Waresboro, a distance of about 7 miles, and also constructed a line from Waycross to Jesup, about 40 miles, securing franchises from the municipalities along the line, and selling electric current to such municipalities and the inhabitants thereof as well as to customers residing outside the municipalities. At this time current for Waresboro and Jesup, as well as the municipalities between Waycross and Jesup, and customers outside municipalities, was supplied by electricity generated at the plant in Waycross. The Ware County Light and Power Company also acquired a right of way from Waycross to the Florida line in Echols County, and began the construction of a transmission line thereover, through Cogdell, Homerville, and Dupont. In 1927 the Georgia Power and Light Company acquired all the franchises and property of the Ware County Light and Power Company, and completed construction of the line from Waycross to the Florida line, and thereafter current for all the territory which has been enumerated was supplied from electricity pur-

chased from a Florida power company, and distributed over the lines leading to the towns and cities stated. The steam generating plant at Waycross was kept as an emergency source of current, in case of interruption of the power supply at the Florida line.

In January, 1934, the City of Waycross filed a petition for mandamus against the Ware County Light and Power Company and the Georgia Power and Light Company, alleging these companies had failed to comply with the terms of the ordinance requiring payment to the city of 3% of the gross revenue received, and praying that the defendants be compelled by mandamus to file with the city authorities verified statements of such gross income received from the sale of current in the territory set out above, in order that the city could proceed to collect 3% thereof. The Ware County Light and Power Company was not served. The Georgia Power and Light Company demurred to the petition as stating no cause of action for the relief prayed. It answered, contending that under the terms of the franchise as shown by the petition it was liable to pay the city only 3% of the gross revenue received from electricity sold within the City of Waycross. It was agreed that the case be tried as against this company only, and that the judge determine all issues of fact and law without the intervention of a jury. Upon the trial the essential facts set out above appeared from the evidence, without material conflict. The court overruled the demurrer, and granted a mandamus absolute, requiring the Georgia Power and Light Company to furnish the City of Waycross a statement of the gross receipts of the defendant from the sale of electricity "from the lines and in the territory served by the Ware County Light and Power Company from the plant at Waycross, Georgia, at the time the defendant herein purchased the Ware County Light and Power Company and its franchise, electric plant, and transmission lines," specifying the towns and territory as described in the deed from the Ware County Light and Power Company to the Georgia Power and Light Company. This company excepted.

We have carefully reviewed the record and briefs of both parties, and have reached the conclusion that the learned trial judge erred in not sustaining the demurrer and in not dismissing the petition. Attached to the petition was a copy of the ordinance of the City of Waycross, granting to the Waycross Gas and Construction Com-

pany the franchise now involved. All the rights originally granted to the corporation just named have been conferred, by successive transfers and assignments, upon the Georgia Power and Light Company. So in our opinion the only real question is the proper construction of that portion of the ordinance which relates to the extent of the territory embraced in the ordinance passed by the City of Waycross on November 13, 1909. Upon this subject the ordinance declares that a franchise is granted for the manufacture and transmission of electricity in the City of Waycross, and in the territory and towns adjacent thereto, to be furnished "to the said City of Waycross and its inhabitants and to the people adjacent thereto." The plaintiff in error contends that the territory covered by its franchise is confined to the City of Waycross, while the defendant in error contends that from the nature of the subject-matter (electricity and electric wires) the proceeds from the sale of electricity in all the towns which use the wires built by the original grantee and its successors are subject to payment of the 3% gross tax referred to in section 10 of the ordinance. The contention of the city would subject to payment to that municipality three per cent. of the gross income of the power company in all the towns set out in the petition for mandamus. Upon this theory, Waycross would be entitled to this revenue, no matter how far the power company's lines might extend. The 3% tax on the gross income is "to be in lieu of and to take the place of any income or any license or occupation tax which said city may be entitled to impose." From the fact that the original grantee served only the City of Waycross we may ascertain what was in the contemplation of the parties at the time the contract was made. In accepting the grant, could the original holder of the franchise possibly have intended to pay 3% upon its gross income, if, after heavy outlay, it had extended its lines to Macon and Columbus? Or if it extended its lines to New Orleans, La., was it within the contemplation of the parties on November 11, 1909, that the Waycross Gas and Construction Company should pay 3% of its gross income from the City of New Orleans in order to escape an occupation tax in the City of Waycross? The contract and ordinance must be given a reasonable construction.

It must be borne in mind that the jurisdiction of all municipalities is confined to their territorial limits. All the municipalities

to which we have referred could refuse to grant to an electric-power company the right to use its streets or to enter its corporate limits for the purpose of supplying electricity for any purpose. The same rule as to jurisdiction applies to every municipality mentioned in the petition. For this reason, we are of the opinion that a proper construction requires us to hold that the franchise granted by the City of Waycross does not include any municipality other than Waycross, Deenwood, and Hebardville. Deenwood and Hebardville are expressly mentioned in paragraph 24 of the petition. From it we gather that the Georgia Power and Light Company has made no objection to paying, and has paid, the 3% tax required by the City of Waycross. We deem it useless to discuss the authorities cited by learned counsel; for the underlying legal principles insisted on by each of the parties are elaborately analyzed and discussed in the authorities cited in both briefs, and we can not hope to express ourselves more clearly than the text-writers and courts to whose pronouncements we have been referred. Since it was error to overrule the demurrer to the petition, all further proceedings in the case became nugatory.

*Judgment reversed. All the Justices concur.*